## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Multi-Channel TV Cable Co.

v.

Charlottesville Quality
Cable Corp. et al.

December 18, 1992

Case No. (Chancery) 7624, 7627

By Judge Jay T. Swett

This matter is before the Court on the respondents' demurrers and on cross motions for summary judgment. The matters were argued on October 30, 1992. Having considered the arguments and briefs, the following is my decision.

Reference should be made to my letter of June 8, 1992,[1] regarding the identity of the parties and a brief statement of facts. The only significant matter that has occurred since that letter was the addition of Charlottesville Quality Cable Operating Company as an additional defendant in both cases.

As stated in the Bill of Complaint, Adelphia Cable provides cable television service in the City of Charlottesville. Among those to whom service is provided are tenants whose apartments are owned by several of the respondents. Over the past several months, the respondent landowners have entered into contracts with respondent Charlottesville Quality Cable Corporation. In conjunction with those contracts, the owners have notified Adelphia that it no longer may utilize or service the related equipment located on or in the apartment buildings, and it no longer will be given access to the apartment buildings to service the

---

[1] 28 Va. Cir. 220. [Reporter's Note]

tenants who are its customers. Adelphia seeks injunctive relief claiming that respondents have tortiously interfered with its contracts with the tenants and has tortiously interfered with Adelphia's right to enter into future contracts for cable television service to tenants at the apartment complexes.

The contracts between Adelphia and the tenants are terminable at will by either Adelphia or the tenants. In order for Adelphia to state a cause of action for tortious interference with contractual relations, Adelphia must allege and prove the following: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy and; (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 112, 120 (1985).

Since the contracts between Adelphia and the tenants are terminable at will, Adelphia must also allege and prove that the intentional interference with the contractual relationships was done by an "improper" method. *Duggin v. Adams*, 234 Va. 221, 227 (1987). An improper method of interference includes those that are "illegal or independently tortious such as violations of statutes, regulations or recognized common-law rules." *Id.*

For purposes of ruling on the respondents' demurrers, the complaints are sufficient to the extent that they allege facts which, if proven, would meet the four stated elements of *Chaves, supra*. Since the contracts are terminable at will, Adelphia must show the interference was by an "improper method." Adelphia claims that the respondents acted improperly because of § 6–3 of the Charlottesville City Code. That ordinance provides as follows:

> (a) No person who owns or controls any residential multiple-unit dwelling, trailer park, condominium or apartment complex, or subdivision shall interfere with the right of any tenant or lawful resident thereof to receive service from a cable television system lawfully operating within the city, or demand or accept payment of any fee, charge, or thing of value from such a cable system or any tenant or resident in exchange for giving such tenant or resident access to service from such a cable system, or discriminate in any way against

such tenant or resident who requests or receives cable service. It is determined that assuring access constitutes a public use.

(b) However, an owner of such property may receive just and reasonable compensation for such access. Such compensation shall be based upon evidence of: The diminution of investment-backed expectations; the impairment of the premises' usefulness; the amount of space occupied by the facilities of the system; the prior use, if any, of the space; the continued physical availability of space on the premises for installation of alternative modes of television program reception or delivery; the difference in fair market value of the premises resulting from the installation of system facilities; and other reasonable, nonspeculative factors. Compensation shall not include the holdup value resulting from a landlord's monopoly control of such access.

Under this ordinance, the city has chosen to regulate an element of the relationship between the owner of an apartment complex and its tenants. Under this ordinance, an owner is prohibited from interfering with any tenant who chooses to receive service from a cable television company such as Adelphia. The ordinance does not by its terms provide a right of action on the part of the tenant who claims that the apartment owner has interfered with the tenant's desire to have cable television service. Nor does the ordinance by its terms create any claim of right or cause of action to a "cable television system lawfully operating within the City," in this case, Adelphia. Adelphia claims that the ordinance grants it a "business expectancy" and a "prospective business advantage" such that an owner who denies Adelphia the right to come on the owner's property to provide cable television service to its tenants is improperly interfering with its contracts with the tenants. Adelphia claims that the owner's actions in denying Adelphia the right to come on their property constitutes an "improper method" as required by *Duggin v. Adams, supra.*

On the other hand, the respondents argue that Charlottesville City Ordinance § 6–3 does not give Adelphia any present right to be on the owners' property. To construe the ordinance in a way to grant Adelphia the right to have access to the owners' property over their objection would, argue the respondents, mean the City has effectively granted an easement to Adelphia over the property. Such an easement would constitute a taking of their property without just compensation in violation

of the Fifth Amendment to the United States Constitution and Article I, § 11, of the of the Virginia Constitution.

In response, Adelphia argues that the ordinance is a lawful exercise of the police power, and if the ordinance constitutes a "taking" under constitutional standards, the ordinance provides an adequate and appropriate remedy. Adelphia points to § 6–3(b), which states that an owner is entitled to claim "just and reasonable compensation" for granting access to the cable television company.

In 1982, the United States Supreme Court decided the case of *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982). The dispute in *Loretto* was over a New York statute that prohibited a landlord from interfering with the installation of cable television equipment on a landlord's property where the purpose was to provide cable television service to the landlord's tenants. Prior to the passage of the New York law, a landlord had granted Teleprompter permission to affix its lines to the sides of its apartment building. After the enactment of the statute, the new purchaser of the apartment building, Mrs. Loretto, brought suit for trespass against Teleprompter seeking damages. She contended that the cable television company's installation of its wires and equipment constituted an unlawful trespass and "insofar as it relied on [the New York law] for a defense to the suit, there was an unconstitutional taking without just compensation." 458 U.S. at 424.

In deciding the case, the Supreme Court did not question the determination by the New York Court of Appeals that the passage of the statute constituted a legitimate exercise of the State of New York's police power.[2] The issue was the extent and nature of the resulting interference with Mrs. Loretto's property rights under the Fifth Amendment Taking Clause. In deciding the case, the Court declined to adopt the balancing analysis described in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). An analysis under *Penn* would have required a balancing of a number of factors to determine whether the particular governmental regulation of property would require compenstion in order for it to be a constitutionally permitted exercise of governmental power. Rather, the Supreme Court held that

---

[2] The New York Court of Appeals accepted the argument that the statute served a legitimate public purpose, the elimination of landlord fees and other conditions that inhibit cable television development thereby promoting important educational and community benefits.

the New York law effectively required landlords to grant a third party, in this case a cable television company, a right to permanently occupy a physical part of the landlord's property. Since the law required a "physical occupation authorized by government," even though a mini-. mum one, there was a taking requiring just compensation without regard to the public interests served. 458 U.S. at 426.

The New York law in *Loretto* differs somewhat from § 6–3 of the Charlottesville City Code. Under the New York law, the statute directed the landlord not to interfere with the installation or service of cable television on the landlord's property. Under the Charlottesville ordinance, the focus is on the relationship between the landlord and tenant. It restricts the owner of the property from interfering with the tenant's right to have access to cable television. Thus, Adelphia is not in the same position as was Teleprompter under the New York law in *Loretto*. However, for purposes of resolving the two suits now before me, I will assume that Adelphia has sufficient standing to assert some right under § 6–3 of the Charlottesville Code.

In order to give effect to § 6–3(a) of the ordinance, the respondent owners' are required to permit Adelphia to come on to their property to install and service its equipment whether or not the owners grant permission. Thus, to the extent that Adelphia claims a right under § 6–3 as part of its suit against respondents, then Charlottesville has effectively authorized a permanent physical occupation or invasion of the respondent owners' property. Under *Loretto, supra*, this constitutes a taking which requires just compensation under the Takings Clause.

Adelphia argues that even if the ordinance is a taking under *Loretto*, then § 6–3(b) provides an appropriate remedy. Under subsection (b), the owners of property affected by the ordinance are entitled to receive "just and reasonable compensation" for granting access to Adelphia. The ordinance lists several factors to be considered in arriving at the compensation due to the owners. Adelphia argues that this remedy is sufficient for any constitutional deprivation of an owner's property rights who is compelled to comply with the ordinance.

However, for the reasons put forth by the respondents, I am persuaded that this argument must fail. If the Charlottesville ordinance, as applied here, constitutes a taking by authorizing a permanent physical occupation of the owners' property by Adelphia, then the proper method to accomplish such a taking is for Charlottesville to exercise its power of eminent domain. To not require that the eminent domain

procedure be followed would effectively sanction Adelphia's continued physical occupation of the owners' premises while the matter of just compensation is litigated in some collateral proceeding.[3] This would put the cart before the horse. If, under § 6–3(a), the City of Charlottesville intended that property owners must grant Adelphia the right to permanently occupy a portion of the owners' private property, then the City should exercise its power of eminent domain to acquire an easement. This would protect and preserve the rights of all of the parties.

For these reasons, the Court sustains the demurrers of the respondents. Thus, to the extent that Adelphia claims that § 6–3 grants it a right sufficient to be the basis for its contractual interference claim, that argument is rejected. To accept that position would be at the expense of the respondent owners' property rights which, under *Loretto*, are constitutionally protected from being deprived without just compensation. Since that has not occurred, Adelphia can claim no right under this ordinance.

Since the demurrers of the respondents have been granted, the Court does not rule on the cross motions for summary judgment. Based on the representations of counsel for the parties at oral argument that the construction of § 6–3 resolves the claims presented in these two actions, the Court declines to grant Adelphia leave to amend its Bill of Complaint.

---

[3] This even assumes that Charlottesville would choose to exercise its eminent domain power. The City is not a party to these suits and has taken no position regarding the ordinance even though it granted Adelphia an exclusive franchise to provide cable television in the City.

# SUBJECT INDEX

Abuse of process
  *see* Torts
Actions
  *see also* Limitation of actions; Pleadings; Settlements; Trials
  Delay, prejudice from, 32
  Reasonable inquiry, duty, 163
Ad damnum
  *see* Damages
Administrative agencies, authority, 263
Administrative law
  *see also* Administrative agencies; Appeals
  Generally, 216
Adoption, 47
Alimony
  *see* Divorce, spousal support
Appeals
  Employment Commission, 151
  Equity, 513
  Health Commission, 263
  Notice, 426, 513
  School board actions, 426
  Time limits, 513
Arbitration
  *see also* Liens, mechanic's
  Generally, 179
Arbitrators, 7
Arrest
  *see* Criminal law and procedure
Attorneys
  *see also* Criminal law and procedure; Foreclosure sales
  Clients, privilege, 7
  Contempt of court, 451
  Effective assistance, 153
  Fees, 88, 133
  Malpractice, standard, 105
  Sanctions, grounds, 163

Automobiles
  *see* Criminal law and procedure, forfeiture; Insurance; Motor vehicles
Bail, 451
Bankruptcy, 507
Banks and banking
  *see also* Checks; Negotiable instruments
  Joint accounts, tax levy, 124
  Liens, 124
Bonds, 112
Business
  *see* Corporations
Cable television, 551
Caveat emptor, 147
Certificate of public need, 263
Checks
  Date, role of, 18
  Negotiability, 18
  Teller's, 183
Children
  *see also* Adoption; Torts
  Custody
    Agreements on, 348
    Shared, 193
  Paternity, 284
  Support
    Change in circumstances, 193, 480
    Duty to provide, 47
    Nonpayment, 484
    Subsequent discovery of nonpaternity, 484
Choice of law, 457
Circuit courts
  *see* Courts; Equity
Cities, counties and towns
  Attorney's fees, 133
  Contracts, 177
  Court costs, 133
  Housing authorities, 490
  Powers, 490

Procurement Act, 177
Civil conspiracy
  *see* Torts, conspiracy
Clerks of court, 513
Collateral
  *see* Sales
Collateral estoppel
  *see* Estoppel
Committees
  *see* Prisoners
Compromise and settlement
  *see* Settlements
Condemnation
  *see* Real property
Condominiums
  *see* Real property
Conflict of law
  *see* Choice of law
Conspiracy
  *see* Torts
Consumer protection
  *see* Caveat emptor
Contempt of court
  *see* Courts
Contracts
  *see also* Caveat emptor; Cities, coun-
    ties and towns; Divorce, settle-
    ment agreements; Fraud;
    Insurance; Real property; Torts
  Breach
    Not tort, 421
    Remedies, 417
  Choice of law/forum, 457
  Corporate, 457
  Illegal, 328
  Interference with, 413, 457
  Mistake of fact, 78
  Parol evidence, 78
  Privity, 421
  Rescission, 78
  Third party beneficiary, 335, 345
  Void/voidable, 12, 170
Contribution
  *see* Impleader; Indemnification
Corporations
  Lawsuits, damages, 371
  Stockholders, suits by, 371

Counties
  *see* Cities, counties and towns
Court costs
  Generally, 133
  Court reporter/transcription fees, 238
  Discovery costs, 354
Court reporters
  *see* Court costs
Courts
  *see also* Appeals; Court costs; Juris-
    diction; Trials
  Contempt of court, 451, 484
Credit, 544
Criminal law and procedure
  *see also* Evidence
  Arrest, warrantless, 541
  Attempts, 190
  Counsel, effective assistance, 153
  Forfeiture, 364
  Habitual offender, 317, 342
  Immunity, 101
  Interrogation, 250
  Larceny, 259
  Search and seizure
    Consent, proof of, 218
    Exigent circumstances, 84
    Expectation of privacy, 84
    Stops, 109
    Traffic stops, 541
    Warrants, unnecessary, 84
    Wiretaps, 468
  Separate trials, 129
  Solicitation to commit crime, 190
  Statements, suppressed, 250
  Traffic offenses, 541
Cy pres doctrine
  *see also* Probate
  Generally, 380
Damages
  *see also* Court costs; Real property
  Amount sued for, mention at trial, 7
  Contract, 371
  Punitive, amount, 206
Death
  *see* Torts
Debt collection
  *see* Foreclosure sales

Default judgment
  Generally, 254
  Entitlement to relief, 513
Defenses
  Statute of frauds, 411
  Usury, 411
Demurrer
  *see* Statute of frauds
Depositions
  *see* Discovery
Disability benefits
  *see* Workers' compensation
Disabled persons
  *see also* Employment
  Discrimination, 220
Discovery
  *see also* Evidence
  Cost, 354
  Depositions, person subject to, 7
  Privilege, informer's, 326
  Safety studies, 465
  Sanctions, 120, 229
Divorce
  *see also* Children
  Settlement agreements, 348
  Spousal support, 120
Doctors
  *see also* Health care providers; Medical malpractice
  Good samaritan protections, 397
Driver's license
  *see* Habitual offender
Easements
  *see* Real property
Eminent domain
  *see* Real property
Emotional distress
  *see* Torts
Employees
  *see also* Unemployment benefits; Workers' compensation
  Generally, 457
Employer, suits against
  *see* Grievances and proceedings; Workers' compensation

Employment
  *see also* Grievances and proceedings; Occupational safety; Torts; Unemployment benefits; Workers' compensation
  At will
    Exceptions to, 90
    Interference with, 551
    Retaliatory dismissal, 220
  Disabled persons, 220
Employment Commission
  *see* Appeals; Unemployment benefits
Endangered species, 140
Entrustment
  *see* Goods
Equity
  *see also* Appeals
  Unclean hands, 484
Estates
  *see* Probate; Wills
Estoppel
  *see also* Res judicata
  Generally, 404
  Relitigation barred, 490
Evidence
  *see also* Criminal law and procedure; Discovery; Witnesses
  Blood/breath tests, 317
  Experts, 200
  Privilege, spousal, 101
  Weight, 151
Executors
  *see* Probate
Expert witness
  *see* Evidence; Witnesses
Family allowance
  *see* Probate
Federal preemption doctrine, 465
Fetus
  *see* Medical malpractice; Torts
Fiduciary, duty to disclose, 96
Fireman's rule, 1
Fixtures
  *see* Limitation of actions
Foreclosure sales, attorney's fees, 88
Foreign court decrees/judgments
  *see* Judgments

Forfeiture, 364
Fraud
 *see also* Fraudulent transactions;
  Limitation of actions
 Generally, 50
 Attorney/client privilege, 7, 50
 Contracts, 170
 Fact/opinion, 328
 Real property, relating to, 170, 434,
  442
Frauds, statute of
 *see* Statute of frauds
Fraudulent transactions, 434, 442
Full faith and credit, 513
Good samaritan
 *see* Doctors; Torts
Goods
 Delivery, tender, 36
 Entrustment, 137
 Refusal, 36
 Repossession, 137
Grievances and proceedings
 Generally, 216
 Grievable issues, 426
Habitual offender
 Generally, 70, 271, 317
 License suspension period, 70
 Offenses included, 23
 Reissue of operator's license, 271
 Restricted permits, 342
Handicapped
 *see* Disabled persons
Health care providers
 *see also* Medical malpractice
 Certificate of need, 263
Health Commission
 *see* Appeals
Homesteads, allowances, 368
Hospitals
 *see* Health care providers
Husband and wife
 *see also* Divorce
 Necessaries doctrine, 388
Immunity
 *see* Criminal law and procedure; Sov-
  ereign immunity
Indemnification, 26, 183

Industrial Commission
 *see* Workers' compensation
Infants
 *see* Children
Instruments
 *see* Negotiable instruments
Insurance
 *see also* Workers' compensation
 Automobile
  Non-resident motorist, 197
  Use
   Authorized/permissive, 37
   Furnished by employer, 164
   Gunshots, 240
 Children's benefit rider, 40
 Claims, good faith, duty of, 227
 Contracts, interpretation, 40
 Liability for, judgment interest, 145
 Negligence, 306
 Third party beneficiary, 345
 Underinsurance, 274
 Uninsured motorists, gunshots/shoot-
  ings, 240
Interest
 *see* Insurance; Judgments
Intestacy
 *see* Probate
Joint tenancies
 *see* Real property
Joint tort-feasors
 *see* Indemnification
Judgments
 *see also* Default judgment; Estoppel;
  Res judicata; Summary judgment
 Confession of, 74, 544
 Enforcement, 484
 Foreign, 513
 Interest
  Postjudgment, 145
  Prejudgment, 145
 Void/voidable, 23
Jurisdiction
 Appearances, general, 253
 Forum selection, 457
 In personam, 457
 Lack of, sanctions for, 23, 513
 Minimum contacts, 276, 457

Landlord-tenant
  *see also* Leases
  Leases, superseded, 490
  Security, 490
Larceny
  *see* Criminal law and procedure
Leases
  *see also* Landlord-tenant
  Superseded, 490
Legal malpractice
  *see* Attorneys
Liens
  *see also* Foreclosure sales; Pleadings;
      Real property; Settlements
  Automobile, 137
  Judgment, 410
  Mechanic's
    Generally, 385
    Amount, statement of, 313, 548
    Arbitration, 256
    Blanket, 256
    Parties, 256
    Pleadings, 46
    Property, included/subject, 313
    Statement of account, 46
    Timing, 278
  Residence, 388
  Tax, 124
Limitation of actions
  Commencement of action, 160
  Fraud, 160
  Mechanic's liens, 548
  OSHA enforcement, 32
Long arm statute
  *see* Jurisdiction
Malpractice
  *see* Attorneys; Medical malpractice
Marriage
  *see* Divorce
Master/servant
  *see* Employment; Workers' compensation
Mechanic's liens
  *see* Liens
Mediation
  *see* Arbitration

Medical malpractice
  Generally, 7
  Fetuses, 298
  Fraudulent concealment, 50
  Informed consent, 50
Medical records, 7
Mental suffering
  *see* Torts
Migratory Bird Treaty, 140
Minors
  *see* Children
Mistake of fact
  *see* Contracts
Motor vehicles
  *see also* Insurance
  Sales of, 137
Municipal corporations
  *see* Cities, counties and towns
Negligence
  *see also* Attorneys, malpractice; Fire-
      man's rule; Insurance; Torts
  Generally, 306
  Statute, violation, 140
  Willful and wanton, 306
Negotiable instruments
  *see also* Checks
  Holder in due course, 320
  Security interest, 320
Notice
  *see* Specific subjects in this index
Nuisance
  Generally, 322
  Attractive, 472
  Sovereign immunity, 322
Occupational safety
  Investigations, disclosure of informa-
      tion, 326
  Violations, contested, 32
Oyer, 417
Parent and child
  *see* Children
Parties
  *see* Liens, mechanic's
Partition
  Generally, 209, 498
  Proceeds, division of, 498
  Timber, 209

Paternity
  *see* Children
Personal injury
  *see* Medical malpractice; Torts
Personal property
  *see* Criminal law and procedure, for-
    feiture
Personnel decisions
  *see* Employment; Grievances and pro-
    ceedings
Persons under a disability
  *see* Prisoners
Pleadings
  *see also* Summary judgment
  Affirmative defenses, 411
  Late filings, 253
  Mechanic's liens, 46
  Statement of account, 46
  Sufficiency of, 413
Police
  *see* Fireman's rule
Preemption doctrine, 465
Prisoners
  Civil litigation, transportation to, 377
  Committee for, 377
  Guardian ad litem, 377
Probate
  *see also* Homesteads; Taxation; Wills
  Cy pres doctrine, 380
  Divestiture, power of, 410
  Executors, powers, 410
  Family allowance, 368, 437
  Heirs, illegitimate, 284
  Intestacy, 284, 380
  Survivor's elections, 437
  Tax refunds, 368
Process
  *see* Torts, abuse of process
Products liability
  *see* Torts
Profert and oyer, 417
Promissory notes
  *see* Negotiable instruments
Property
  *see* Real property
Punitive damages
  *see* Damages

Railroads, crossings, 465
Real property
  *see also* Fraud; Limitation of actions;
    Nuisance; Partition; Probate;
    Taxation; Torts; Zoning
  Condemnation proceedings, costs and
    expenses, 354
  Condominiums, 12
  Contract of sale
    Caveat emptor, 147
    Financing, suitable, 243
    Misrepresentations, 147
    Specific performance, 243
    Void/voidable, 170
  Covenants, restrictive, 331, 356
  Easements, 551
  Eminent domain, 551
  Financing, 170, 243
  Fraudulent conveyances, 434, 442
  Home owners associations, 331
  Inspection of property, 147
  Liens, 388
  Restrictive covenants, 331, 356
  Roads, maintenance, 356
  Tax liens, 338
  Tenancies, joint, 498
  Timber, 209
  Title, transfer, 442
Remedies
  *see also* Damages
  Election of, 417
Repose, statute of
  *see* Limitation of actions
Res judicata
  *see also* Estoppel
  Generally, 404, 484
Roads
  *see* Real property
Sales
  *see also* Foreclosure sales
  Bulk, 507
  Notice of sale, 507
  Ordinary course of business, 137
  Surplus, distribution, 338
Sanctions
  *see* Attorneys; Discovery; Jurisdiction

Schools and colleges
  *see also* Appeals; Sovereign immunity
  Buses, 164, 477
Search and seizure
  *see* Criminal law and procedure
Security interests
  *see* Liens; Negotiable instruments
Settlements, reduction of medical/legal
    liens, 302
Shareholders
  *see* Corporations, stockholders
Sovereign immunity
  *see also* Nuisance
  School buses, 164, 477
Specific performance
  *see* Real property
Spousal support
  *see* Divorce
Statute of frauds, pleading, 411
Statute of limitations
  *see* Limitation of actions
Statutes
  Interpretation, 12
  Retroactivity, 475
Stockholders
  *see* Corporations
Summary judgment, issues of disputed
    fact, 90
Suretyship, 26
Taxation
  *see also* Liens
  Assessment, adjustment, grounds, 294
  Estates, 437
  Real property, 294, 338, 391
  Refunds, ownership, 368
  Roll-back taxes, 391
  Unemployment compensation rates,
    429
Telephones
  *see also* Criminal law and procedure,
    search and seizure
  Tape recording of, 468
Third party practice
  *see also* Contracts; Insurance; Torts;
    Workers' compensation
  Generally, 249

Timber
  *see* Partition; Real property
Torts
  *see also* Damages; Employment; In-
    surance; Limitation of actions;
    Nuisance; Workers' compensation
  Abuse of process, 345
  Conspiracy, 50
  Contracts, breach, 421
  Emotional distress, 200
  Employment, interference with, 551
  Fetus, injury to, 298
  Fireman's rule, 1
  Good samaritan, 397
  Hazards, hidden, 472
  Intentional interference with business,
    413
  Licensee, 472
  Products liability, lessor or product,
    206
  Strict liability, 421
  Third-party, crimes by, 322
  Ultra-hazardous activity, 421
  Wrongful death, 200
Towns
  *see* Cities, counties and towns
Trials
  Closing argument, 96
  Joint/separate, 129
Trustees
  *see* Fiduciary
Ultra-hazardous activities
  *see* Torts
Unemployment benefits
  *see also* Appeals
  "Good cause", 281
  Misconduct, 151
  Refusal of employment, 42
  Resignation, 281
  Strikes, 42
Uninsured motorist
  *see* Insurance
Usury, 411
Verdicts, set aside, 96
Warrants
  *see* Criminal law and procedure

Wife
  *see* Divorce; Husband and wife
Wills
  *see also* Homesteads; Probate
  Refusal of devise, 380
Witnesses
  Credibility, 151
  Expert, qualifications, 200
Workers' compensation
  Coworkers, 531

Discharge for filing a claim, 220
Industrial Commission, authority, 345
Insurer, promise to pay, 345
Subrogation, 274
Third parties, 531
Wrongful death
  *see* Torts
Zoning
  Land use program, 391
  Use permits, 391